UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELSEY VILLALOBOS,

    Plaintiff,

  v.

AQUASCAPE DESIGNS, INC.,

    Defendant.

No. 24 CV 363

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kelsey Villalobos was sexually assaulted by a contractor of defendant Aquascape Designs at a work event. She informed Aquascape, and after, she alleges, she was treated disparately and subjected to a hostile work environment. She sues Aquascape for hostile work environment, sex-based discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act.

Aquascape moves to dismiss counts I and IV of the complaint, alleging hostile work environment, for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion is denied.

**I.    Legal Standards**

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff does not need to recite every detail related to their allegations, they must "include enough facts to present 'a story that holds together.'" *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (quoting *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678.

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

## II. Facts

Plaintiff Kelsey Villalobos worked for defendant Aquascape Designs as a program coordinator. [28] ¶ 12.[1] In August 2024, Aquascape held a four-day-long work event hosting contractors and employees. [28] ¶¶ 16–17. Aquascape rented out several rooms and buildings at an event center. [28] ¶ 18. On the second-to-last day of the event, Villalobos attended a scheduled dinner with several employees and contractors of Aquascape. [28] ¶ 19. After the dinner, Villalobos went back to her assigned room and fell asleep. [28] ¶ 20. She woke up to a contractor sexually assaulting her. [28] ¶ 21.

A few days later, Villalobos told Human Resources about the assault. [28] ¶ 26. HR told Villalobos that "there was alcohol involved" and that she should not have been drinking. [28] ¶ 27. The next month, Villalobos told Aquascape that she did not

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's second amended complaint, [28].

2

want the contractor who assaulted her to attend further work functions. [28] ¶ 32. At another meeting with HR, plaintiff asked how Aquascape planned to handle future events if the contractor were allowed to attend. [28] ¶ 46. Aquascape told Villalobos that it would not ban the contractor from attending, that Villalobos needed to "separate the sexual assault from the business relationship," and that because she was not a "star employee" she should "tread carefully." [28] ¶¶ 47–49.

Over the next few months, Villalobos says that Aquascape began to treat her differently on the basis of her reporting the sexual assault. [28] ¶ 33. She says that her performance was scrutinized, and that she was isolated from other staff members. [28] ¶ 34. Villalobos points to one incident where she sent an email to the wrong address and was subsequently placed on a Performance Improvement Plan and told if she made any more mistakes, she would be terminated. [28] ¶¶ 35–36. Villalobos alleges that this was her first mistake at work, and no other male employees were treated similarly. [28] ¶¶ 37–38. Villalobos's supervisor "constantly" looked for mistakes in her work, even where a mistake was one that non-females would not be disciplined for. [28] ¶ 41. Villalobos alleges that she was also "constantly ostracized" during the months after her report. [28] ¶ 52.

### III. Analysis

Aquascape argues that Villalobos's harassment counts fail to state a claim upon which relief can be granted. It argues that plaintiff does not plausibly allege a basis for employer liability or for harassment on the basis of sex.

Title VII "makes it an unlawful employment practice by an employer to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A work environment is hostile under Title VII '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1115 (7th Cir. 2022) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (alteration in original). Courts apply the federal Title VII framework when analyzing claims under the Illinois Human Rights Act. *Mahran v. Advoc. Christ Med. Ctr.*, 12 F.4th 708, 714 (7th Cir. 2021).

To prove a hostile work environment claim based on gender, an employee must show: "(1) the work environment was both subjectively and objectively offensive; (2) the harassment was based on membership in a protected class; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability." *Scaife*, 49 F.4th at 1115–16. The alleged "demeaning, ostracizing, or even terrorizing" conduct must be related to gender. *Id.* at 1117. Conduct should not be viewed in isolation; rather it must be viewed in context. *Lapka v. Chertoff*, 517 F.3d 974, 983 (7th Cir. 2008). When a hostile work environment is alleged based on the conduct of supervisors and coworkers, "all instances of harassment by all parties are relevant to proving that an environment is sufficiently severe or pervasive." *Scaife*, 49 F.4th at 1118. If the

4

harasser is a supervisor, the employer is strictly liable. *Estate of Harris v. City of Milwaukee*, 141 F.4th 858, 867 (7th Cir. 2025).

Aquascape says that Villalobos attempts to attach liability to Aquascape by arguing Aquascape "knew or shown have known" the contractor was predisposed to committing acts of sexual assault. It argues that there is no employer liability because Villalobos does not allege any facts that show Aquascape was on notice of the harassment. But Villalobos points out that she is not basing her charge of hostile work environment on the assault itself, but on the aftermath of the alleged assault, after she had reported it to Aquascape's HR department. The conduct at issue, therefore, is not the assault itself, but Aquascape's conduct *after* the assault. This includes actions that Villalobos alleges were taken by Villalobos's supervisor. Because Villalobos alleges the harassment was done by her supervisor, Aquascape can be strictly liable. *Estate of Harris*, 141 F.4th at 867. Villalobos has adequately pleaded employer liability.

Aquascape also claims that Villalobos does not "identify any sexually offensive, sexually intimidating, or sexually suggestive remark(s)" made by Aquascape after she reported the assault. [30] at 7. But Villalobos does not need to come forward with evidence at this stage. She just needs to allege facts that, if taken as true, present a plausible story that she experienced a gender-based hostile work environment at Aquascape. *Roldan*, 52 F.4th at 339. Villalobos alleges that after she reported a sexual assault by one of Aquascape's contractors at a work event to Aquascape, she was subjected to increased scrutiny, ostracization, threats, and disciplinary action.

These actions, if proven, can form the basis of a hostile work environment claim. *See, e.g.*, *Scaife*, 49 F.4th at 1117 (the alleged conduct "need not 'consist of pressure for sex, intimate touching, or a barrage of deeply offensive sexual comments," but can constitute "demeaning, ostracizing, or even terrorizing" conduct based on gender).

Villalobos said this conduct was "constant" and caused her "mental health and work performance to suffer." [28] ¶¶ 33, 41, 45, 52. Aquascape says Villalobos does not specify any remarks that "would have altered the conditions of her employment and created an abusive working environment." However, the facts alleged lead to the reasonable inference that the ostracization, scrutiny, threats, and disciplinary action were consistent and interfered with Villalobos's ability to do her job, altering the conditions of her employment. *See Anderson v. Mott Street*, 104 F.4th 646, 652 (7th Cir. 2024). This is enough at this stage to allege that the conduct was "pervasive."

Finally, Villalobos alleges she was harassed because she reported a sexual assault, and that she was treated differently from non-female employees. Sexual assault is, "by definition, a form of harassment based on sex." *Lapka*, 517 F.3d at 983. Actions taken in response to a report of sexual assault must be viewed "in the context of the sexual assault." *Id.*; *see also Henneman v. Airtran Airways*, 705 F.Supp.2d 1012, 1029 (E.D. Wis. 2010) ("[I]nasmuch as [a coworker]'s threats against [the plaintiff] appear tied to the alleged assault [by another coworker], they may qualify as sexual harassment."). The conduct of Aquascape's HR department and Villalobos's supervisor were, according to Villalobos, tied directly to the alleged assault. She alleges that she was treated differently, ostracized, scrutinized, and threatened

6

because she reported that she was sexually assaulted by a contractor. Because the conduct was in response to an inherently sex-based action, the reasonable inference, in favor of plaintiff, is that the actions of her supervisor and HR were based on sex. Taken as true, these facts plausibly allege that Villalobos was subjected to a hostile work environment because of her gender.

## IV. Conclusion

Aquascape's motion to dismiss, [30], is denied.

ENTER:

                                    Manish S. Shah
                                    United States District Judge

Date: September 12, 2025